IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DAWN SMITH,

    Plaintiff,

                                          Case No.

v.

UNIVERSITY OF FLORIDA, BOARD
OF TRUSTEES, THE UNIVERSITY OF
FLORIDA HERBERT WERTHEIM
COLLEGE OF ENGINEERING,

    Defendant.
_____/

## COMPLAINT

Plaintiff, DAWN SMITH (hereinafter referred to as "PLAINTIFF"), by and through her undersigned attorney, hereby sues UNIVERSITY OF FLORIDA, BOARD OF TRUSTEES, AND UNIVERSITY OF FLORIDA, HERBERT WERTHEIM COLLEGE OF ENGINEERING, (collectively referred to hereinafter as "Defendant" or "the University") and says as follows:

## JURISDICTION AND VENUE

1.    This is an action for damages in excess of $30,000.00.

2.    Venue lies within the division of Gainesville because a substantial part of the events giving rise to this claim arose in this Judicial District.

## INTRODUCTION

3. This is an action brought pursuant to the Family Medical Leave Act, 29 U.S.C. §§ 2601-2654 ("FMLA") and the Americans with Disabilities Act, to recover front pay, back pay, compensatory damages, emotional distress damages, injunctive relief, prejudgment interest, reasonable attorneys' fees and costs, and any other relief to which the Plaintiff is entitled including but not limited to, equitable relief.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to bringing this action have occurred.

5. Plaintiff has complied with all conditions precedent to the filing of this suit required by 42 U.S.C. § 2000(e)-5(f)(3) and Florida Statutes, Chapter 760. Plaintiff timely filed dual charges of discrimination with the Florida Commission on Human Relations ("FCHR") and Equal Employment Opportunity Commission ("EEOC").

6. The EEOC issued a Right to Sue and this lawsuit is timely filed.

7. Defendant is an "Employer" as defined by the laws under which this action is brought and employs the requisite number of employees to be covered under state and federal law.

## PARTIES AND GENERAL ALLEGATIONS

8. Plaintiff is a female, and was a resident of Levy County, Florida at the

time of the incident.

9. Defendant is a public university.

10. At all times relevant to this litigation, Defendant has operated as the University, headquartered in Gainesville, Florida and is one of the largest and most comprehensive institutions of higher education in the country. It is divided into 16 colleges and one of the colleges is the HERBERT WERTHEIM COLLEGE OF ENGINEERING.

11. Defendant utilizes a centralized management system, with training, accounting, human resources, management and numerous other functions.

12. At all times material, Plaintiff was an "Employee" as defined by the laws under which this action is brought and was qualified to perform her job duties within the legitimate expectations of Defendant.

13. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

14. Plaintiff requests a jury trial for all issues so triable.

## FACTS

15. Plaintiff was hired by Defendant in 2006 and was transferred to Herbert Wertheim College of Engineering to work as an Office Manager. In July of 2016 Plaintiff was assigned to the position of a Human Resource Business

Administrative Specialist II.

16. Defendant never issued any form of discipline to Plaintiff.

17. Plaintiff was a top achiever in her field, and a very productive employee who took pride in her work. She was heavily relied upon by students, staff, and faculty.

18. Plaintiff sought out relief from harassing and abusive work environment by receiving treatment from EAP Psychologist, Dr. Blue.

19. Plaintiff has a physically disabling condition and was diagnosed with temporal lobe brain tumor/lesion along with muscle atrophy in her right leg.

20. Plaintiff's affliction was such that her doctor wrote a prescription note for her to acquire a handicap sticker for her automobile, she required physical therapy, and had to elevate her leg at work.

21. Plaintiff endured many doctor's appointments, blood work, MRIs, and other tests before receiving her final diagnoses.

22. Plaintiff had to cancel many appointments due to the unresponsiveness of her supervisor in regard to her request for taking time off whether it was by utilizing her flex time, sick time, or FMLA.

23. Defendant made remarks to Plaintiff such as her job would be jeopardized if she took her intermittent FMLA that would allow her to take two days off a week due to anxiety caused by a hostile work environment. Defendant

also made remarks about it being a very busy time to be out when Plaintiff asked for time off further causing her to stress about missing work.

24. Defendant's supervisor, Robin Bielling, made a verbatim reference to the wording included on Plaintiff's FMLA paperwork thereby violating her privacy and HIPAA rights.

25. After Plaintiff reported to her supervisors that other employees were receiving preferential treatment regarding time off and FMLA her duties of payroll were taken away from her.

26. Defendant told Plaintiff more than once that maybe she should resign. Defendant offered Plaintiff additional leave cash and indicated that if she quit that it would reduce the likelihood of poor references.

27. When a new flex policy was put into effect, Plaintiff contacted Jason Talbert, HR Manager, regarding the inconsistencies in policy and was told that everyone in Engineering was subject to the same policy. Plaintiff then inquired if she should notify the other departments about the change and was told that the changes did not apply to them.

28. Plaintiff requested FMLA in May of 2019 for the time period from July 8, 2019 through July 12, 2019 for an appointment that she had at Mayo Clinic.

29. In June 2019 while Plaintiff was at Dr. Blue's office Defendant told her to return her keys and was given the reason that she would not need them while

she was out on leave that was scheduled to begin on July 8, 2019.

30. Defendant fired Plaintiff on July 2, 2019 just six days before her scheduled appointment at Mayo Clinic.

31. Defendant's conduct was willful and Plaintiff has suffered damages as a result as described below.

## COUNT I
## FMLA INTERFERENCE

32. Plaintiff hereby reincorporates and readopts all allegations contained within Paragraphs 1 - 31 as if fully restated herein.

33. At all times relevant to the facts alleged in this Complaint, suffered from one or more serious health conditions which required her to take medical leave and time off as she was entitled to do pursuant to the FMLA.

34. Plaintiff exercised her rights by advising Defendant that she suffered from a serious health condition and would need time off for care and treatment. Plaintiff was entitled to FMLA leave and Defendant terminated her.

35. Defendant failed to cooperate with Plaintiff in her numerous attempts to exercise her FMLA rights. Defendant failed to grant Plaintiff's requests and denied her leaves by firing her.

36. Defendant interfered with Plaintiff's rights under the FMLA in violation of 29 U.S.C. § 2614(a)(1)(A) and 2615(a)(2).

37. Defendant's actions were willful, malicious, knowing and voluntary, and otherwise done with reckless indifference for Plaintiff's rights.

38. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal and injunctive relief.

WHEREFORE, Plaintiff requests that this Court:

    a.    Enter a judgment that Defendant's interference of Plaintiff's rights was a violation of the FMLA;

    b.    Enjoin and permanently restrain Defendant from further violations of the FMLA;

    c.    Direct Defendant to reinstate Plaintiff with full seniority to an equivalent position with back pay with interest, pension rights, and all benefits, or in the alternative, enter a judgment pursuant to 29 U.S.C. § 2617(a)(1)(A)(i)(II) against Defendant and in favor of Plaintiff for the monetary losses she suffered as a direct result of Defendant's violations of the FMLA;

    d.    Award front pay;

    e.    Award liquidated damages;

    f.    Award reasonable costs and attorneys' fees;

    g.    Award prejudgment interest; and

    h.    Award relief to which Plaintiff is entitled including but not limited to equitable relief.

39. As a result of the unlawful retaliation described above, Plaintiff has suffered damages. Plaintiff has had to retain the undersigned counsel and will continue to incur fees and costs.

40. The retaliation described above was done willfully, was malicious and done with a reckless disregard for Plaintiff's rights under federal law.

41. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

## COUNT II
## FMLA RETALIATION

42. Plaintiff hereby reincorporates and readopts all allegations contained within paragraphs 1 - 31 as if fully restated herein.

43. At all times relevant to the facts alleged in this Complaint, Plaintiff suffered from one or more serious health conditions described above which required her to take family medical leave as she was entitled to do pursuant to the FMLA.

44. Plaintiff exercised her rights by requesting FMLA leave for one or more of her serious health conditions. Plaintiff was entitled to FMLA leave and Defendant denied her the rights to which she was entitled. Plaintiff was qualified for leave under the FMLA.

45. Defendant retaliated against Plaintiff for exercising her FMLA rights by harassing her, refusing her leave, and terminating her.

46. Defendant's actions were willful, malicious, knowing and voluntary, and otherwise done with reckless indifference for Plaintiff's rights.

47. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal and injunctive relief.

WHEREFORE, Plaintiff requests that this Court:

a. Enter a judgment that Defendant's retaliation against Plaintiff was violation of the FMLA;

b. Enjoin and permanently restrain Defendant from further violations of the FMLA;

c. Direct Defendant to reinstate Plaintiff with full seniority to an equivalent position with back pay with interest, pension rights, and all benefits, or the alternative, enter a judgment pursuant to 29 U.S.C. § 2617(a)(1)(A)(i)(II) against Defendant and in favor of Plaintiff for the monetary losses he suffered as a direct result of Defendant's violations of the FMLA;

d. Award compensatory damages to Plaintiff;

e. Award back pay, with interest;

f. Award liquidated damages;

g. Award reasonable costs and attorneys' fees; and

   h. Award relief to which Plaintiff is entitled including but not limited to equitable relief.

## COUNT III
## DISABILITY DISCRIMINATION UNDER THE ADAAA

48. Plaintiff re-alleges and adopts paragraphs 1-31 as though set forth fully herein.

49. Plaintiff is disabled and Defendant furthermore perceived Plaintiff as disabled and unable to perform a wide range of jobs.

50. Defendant's pretextual decision to fail to accommodate Plaintiff with medical leave, discipline, and ultimately fire her and was based upon her disabilities.  Further, Defendant illegally believed that Plaintiff could not perform any full-time position or a wide range of jobs. Further, Defendant failed to accommodate Plaintiff's reasonable requests for accommodations and then fired her as a result of his requests.

51. Plaintiff would not have been demeaned and terminated but for these unlawful motives.  The reason given by the employer for the termination is false and pretextual.

52. As a result of the unlawful discrimination described above, Plaintiff has suffered damages.  Plaintiff has had to retain the undersigned counsel and will continue to incur fees and costs.

53. The discrimination described above was done willfully, was malicious and done with a reckless disregard for Plaintiff's rights under federal law.

54. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay;

    c.    Front pay and/or lost earning capacity;

    d.    Compensatory damages, emotional distress damages;

    e.    Injunctive relief and reinstatement;

    f.    Prejudgment interest;

    g.    Costs and attorney's fees; and

    h.    Such other relief as the Court may deem just and proper.

## COUNT IV
## RETALIATION UNDER THE ADAAA

55. Plaintiff re-alleges and adopts paragraphs 1-31 as though set forth fully herein.

56. Plaintiff is disabled and Defendant perceived Plaintiff as disabled and unable to perform a wide range of jobs.

57. Plaintiff engaged in protected activity by virtue of his requests for accommodations and complaints regarding discrimination and a hostile work environment. Defendant retaliated against Plaintiff based upon her requests for reasonable accommodations under the ADAAA and fired her.

58. Defendant's decision to retaliate against Plaintiff, by denying her leave, and terminate Plaintiff from her employment was motivated and based upon his requests for accommodations and his complaints of discrimination.

59. Plaintiff would not have been terminated but for these unlawful motives. The reason given by the employer for the termination is false and pretextual.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay;

    c.    Front pay and/or lost earning capacity;

    d.    Compensatory damages, emotional distress damages;

    e.    Injunctive relief and reinstatement;

    f.    Prejudgment interest;

    g.    Costs and attorney's fees; and

    h.    Such other relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

WHEREFORE, Plaintiff requests a jury trial on all issues so triable.

Dated this <u>19th</u> day of February, 2021.

        CHANFRAU & CHANFRAU

        */s/ Kelly H. Chanfrau*
        Kelly H. Chanfrau, B.C.S.
        Florida Bar No. 560111
        701 N. Peninsula Drive
        Daytona Beach, FL, 32118
        Telephone: 386-258-7313
        Facsimile: 386-258-8783
        Email: Kelly@Chanfraulaw.com
        Email: Melanie@Chanfraulaw.com
        Email: Dahiana@Chanfraulaw.com

        ATTORNEY FOR PLAINTIFF